RCC

FILED
DECEMBER 21, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERRY SANDERS,  )<br>　　　　Plaintiff,　　　)<br>　　　vs.　　　　　　　　)<br>　　　　　　　　　　　　　)<br>CITY OF CHICAGO,　　　　)<br>a municipal corporation,　　　)<br>OFFICER FREDERICK HASENFANG, Star # 15085, )<br>City of Chicago Police Officer,　)<br>in his individual capacity,　　　)<br>OFFICER RAYMOND MCCANN, Star # 13127, )<br>City of Chicago Police Officer,　)<br>in his individual capacity,　　　)<br>　　　　　　　　　　　　　)<br>　　　　Defendants.　　　)  | **07 C 7210**<br><br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE MASON** |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on January 14, 2007, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Hasenfang and McCann, who were acting under color of law and in the course and scope of their employment with

the City of Chicago as police officers.

Facts

5. On or about January 14, 2007, the Plaintiff was in the vicinity of 3515 W. 63rd Street, Chicago, Illinois.

6. Then and there, Defendants Hasenfang and McCann stopped, seized, searched and arrested the Plaintiff.

7. During the initial seizure Defendant Hasenfang willfully caused bodily harm to the Plaintiff without any legal justification by striking the Plaintiff on his leg with a baton several times.

8. Defendants Hasenfang did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9. During the incident, Defendant McCann failed to intervene as Defendant Hasenfang willfully caused bodily harm to the Plaintiff without any legal justification.

10. As the proximate result of all the aforementioned actions by Defendants Hasenfang and McCann, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

### COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendants Hasenfang)

11. Plaintiff re-alleges all prior allegations.

12. The actions of Defendants Hasenfang in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his

person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

13. As the proximate result of all of the aforementioned actions by Defendants Hasenfang, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Hasenfang and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendant McCann)

14. The Plaintiff re-alleges what has been previously alleged in this complaint.

15. The actions or inaction of Defendant McCann in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendant McCann because he acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

16. Plaintiff re-alleges what has been previously alleged in this Complaint.

17. One of more Chicago Police Officers with the Defendant City of Chicago, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

18. The actions of one or more of City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

19. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT IV – Indemnification (Federal Claims Only)

(Plaintiff v. City of Chicago)

20. Plaintiff re-alleges what has been previously alleged in this Complaint.

21. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Hasenfang and McCann, who took their actions while acting under the

color of law and in the course and scope of his employment with the City of Chicago as police officers.

WHEREFORE, should Defendants Hasenfang and McCann be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                  Respectfully submitted,

                                  By:  ___s/ Brian J. Barrido_____

                                  Brian J. Barrido
                                  One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)