IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  07 C 7210 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Darrah |
| a municipal corporation, | ) | Magistrate Judge Mason |
| OFFICER FREDERICK HASENFANG, | ) | |
| Star #15085, City of Chicago Police Officer, | ) | |
| in his individual capacity, OFFICER | ) | |
| RAYMOND MCCANN, Star #13127, | ) | |
| City of Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER FOR
HEALTH INFORMATION (HIPAA) AND CONFIDENTIAL RECORDS**

Defendants, City of Chicago, Frederick Hasenfang and Raymond McCann, by one of their attorneys, Thomas J. Platt, Assistant Corporation Counsel, and City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel, City of Chicago, request this court to enter the attached Qualified HIPAA and Confidential Matter Protective Order for protected health information and for confidential records stating as follows:

1.      Plaintiff brings claims under 42 U.S.C. §1983 and state law alleging in part, that the defendant Chicago Police Officers used excessive force and further claims battery and indemnification under Illinois law.

2.      Discovery in this case will be necessary as to plaintiff's claims of physical and mental damages.  Plaintiff's medical records will need to be subpoenaed by the parties.

3.      Further, the parties anticipate that discovery may involve the production of

confidential records and information including personnel files, disciplinary histories and Complaint Registers. Complaint Registers and personnel files contain personnel record information regarding police and other Chicago Police Department personnel (including non-parties), including personal indentifiers of officers and their families, disciplinary histories, reports and other action and information related to discipline, personal identification and civilian witnesses.

      4.      Personnel files, disciplinary histories and related information are protected by the Illinios Personnel Records Review Act, 820 ILCS 40/0.01 and the Illinois Freedom of Information Act, 5 ILCS 140/7.

      5.      The proposed Protective Order (attached as Exhibit A) prohibits the use of any medical records, personnel files and other personnel and disciplinary information and Complaint Register files for any purposes other than the litigation of this case, prohibits the dissemination of these records to parties outside the litigation and requires the return of these materials to the party producing them at the end of the litigation. This order would ensure the protection of this information consistent with federal and Illinois law. The order will also protect against improper dissemination of confidential information and unfairness in the trial process.

      6.      Defendants do not object to the disclosure of relevant information to plaintiff in accordance with the Federal Rules of Civil Procedure, but only seek to limit the use of these records to the litigation and protect confidential information from being disseminated to third parties.

      WHEREFORE, individual defendants City of Chicago, Frederick Hasenfang and Raymond McCann respectfully request that this court enter the attached Qualified HIPAA and Confidential Matter Protective Order and for such other relief this court deems appropriate.

Respectfully submitted,

/s/ Thomas J. Platt
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602           February 28, 2008
(312) 744-4833
ATTY. NO.   06181260