**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  07 C 7210 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Darrah |
| a municipal corporation, | ) | Magistrate Judge Mason |
| OFFICER FREDERICK HASENFANG, | ) | |
| Star #15085, City of Chicago Police Officer, | ) | |
| in his individual capacity, OFFICER | ) | |
| RAYMOND MCCANN, Star #13127, | ) | |
| City of Chicago Police Officer, | ) | Jury Demand |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, RULE 12(B)(6) DEFENSE AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, City of Chicago, Frederick Hasenfang and Raymond McCann, by one of their attorneys, Thomas J. Platt, Assistant Corporation Counsel, and City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel, Thomas J. Platt, Assistant Corporation Counsel, City of Chicago, for their Answer, Affirmative Defenses, Rule 12(b)(6) Defense and Jury Demand to Plaintiff's Complaint, state as follows:

**Jurisdiction/Venue**

1.      This incident occurred on January 14, 2007, in the City of Chicago, County of Cook, Illinois.

**ANSWER:**   Defendants admit that the incident alleged in this complaint occurred on January 14, 2007, City of Chicago, Cook County, Illinois.

2.      The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, §1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the

United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

**ANSWER:** Defendants admit the jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1343 and that supplemental jurisdiction arises under 28 U.S.C. §1367, but deny plaintiff has stated any claims upon which relief can be granted against these defendants.

**Parties**

3.   At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** On information and belief, defendants admit the allegations in this paragraph.

4.   At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Hasenfang and McCann, who were acting under color of law and in the course and scope of their employment with the City of Chicago as police officers.

**ANSWER:** Defendants admit the allegations in this paragraph.

**Facts**

5.   On or about January 14, 2007, the Plaintiff was in the vicinity of 3515 W. 63rd Street, Chicago, Illinois.

**ANSWER:** Defendants admit the allegations in this paragraph.

6.   Then and there, Defendants Hasenfang and McCann stopped, seized, searched and arrested the Plaintiff.

**ANSWER:** Defendants admit Officers Hasenfang and McCann stopped, arrested and searched plaintiff after they observed him burglarizing an automobile. Defendants deny the remaining allegations in this paragraph.

7.   During the initial seizure Defendant Hasenfang willfully caused bodily harm to the Plaintiff without any legal justification by striking the Plaintiff on his leg with a baton several times.

**ANSWER:** Defendants admit that Defendant Officer Hasenfang used reasonable force to effect an arrest and defend himself from bodily harm by striking plaintiff on the leg with an ASP baton. Defendants deny the remaining allegations in this paragraph.

8. Defendants Hasenfang did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph.

9. During the incident, Defendant McCann failed to intervene as Defendant Hasenfang willfully caused bodily harm to the Plaintiff without any legal justification.

**ANSWER:** Defendants deny the allegations in this paragraph.

10. As the proximate result of all the aforementioned actions by Defendants Hasenfang and McCann, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:** Defendants deny the allegations in this paragraph.

### COUNT I - 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendants Hasenfang)

11. Plaintiff re-alleges all prior allegations.

**ANSWER:** Defendants re-allege and adopt their answers to paragraphs 1-10 as their answer to paragraph 11.

12. The actions of Defendants Hasenfang in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations in this paragraph.

13. As the proximate result of all of the aforementioned actions by Defendants Hasenfang, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER:**   Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT II - 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendant McCann)

14.   The Plaintiff re-alleges what has been previously alleged in this complaint.

**ANSWER:**   Defendants re-allege and adopt their answers to paragraphs 1-13 as their answer to paragraph 14.

15.   The actions or inaction of Defendant McCann in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

**ANSWER:**   Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT III - Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

16.   Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:**   Defendants re-allege and adopt their answers to paragraphs 1-15 as their answer to paragraph 16.

17.   One of more Chicago Police Officers with the Defendant City of Chicago,

physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER:** Defendants deny the allegations in this paragraph.

18.     The actions of one or more of City of Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** Defendants deny the allegations in this paragraph.

19.     One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** Defendants admit that Officers Hasenfang and McCann were acting in the scope of their employment with the City of Chicago, but deny the remaining allegations in this paragraph.

WHEREFORE, Defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT IV - Indemnification (Federal Claims Only)

(Plaintiff v. City of Chicago)

20.     Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** Defendants re-allege and adopt their answers to paragraphs 1-19 as their answer to paragraph 20.

21.     Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Hasenfang and McCann, who took their actions while acting under the color or law and in the course of his employment with the City of Chicago as police officers.

**ANSWER:** Defendants admit that Officers Hasenfang and McCann were in acting in the scope of their employment with the City of Chicago and acted under color of law, but is

without knowledge sufficient to form a belief as a to truth of the remaining allegations in this paragraph.

WHEREFORE, Defendants request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. Defendants Hasenfang and McCann are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed. Therefore, Defendants Hasenfang and McCann are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any such claim alleged because their actions Plaintiff was based upon the information and circumstances known to Defendants at the time and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

3. Defendants were working as police officers at the time of this incident. Therefore, as to all claims under Illinois law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

4.	Where Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5.	Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.	To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

### FED. R. CIV. P. 12(b)(6) DEFENSE

1.	An award of punitive damages would deprive Defendants Hasenfang and McCann of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

> (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;
>
> (b) the award of punitive damages is disproportionate to actual damages.

### JURY DEMAND

Defendants request trial by jury.

Respectfully submitted,

/s/ Thomas J. Platt
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400                                              February 26, 2008
Chicago, Illinois   60602
312-744-4833
Attorney no. 06181260